UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN, CDCR #AM–1378, Plaintiff, vs. ALDO GARCIA, et al., Defendants. | Case No.: 3:19-cv-01113-JAH-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF SCREENING ORDER**<br><br>**[ECF No. 11]** |

Plaintiff Kory T. O'Brien, a prisoner currently incarcerated at Valley State Prison ("VSP") in Chowchilla, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, has filed a document entitled "Objection to Judge's Analysis and Order." *See* ECF No. 11.

Plaintiff seeks reconsideration of this Court's December 20, 2019 Order to the extent it dismissed Count 4 of his First Amended Complaint ("FAC") *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failure to state a claim. *Id.* at 3. Because Plaintiff has failed to identify any intervening change in controlling law or show that the Court committed clear error in dismissing his equal protection claims, however, his Motion must be DENIED.

///

1

## I. Procedural History

In his original Complaint, Plaintiff claimed various prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego, including wardens, associate wardens, a "Plant Ops Supervisor," and two inmate appeals reviewers, denied him equal protection, exposed him to harmful conditions of confinement in July and August 2017, and then retaliated against him in May 2019, after he continued to complain and file multiple grievances. *See* ECF No. 1 "Compl.," at 1-4, 8, 14. He sought injunctive relief and "damages to be claimed at a later date." *Id.* at 19. Plaintiff did not pay the civil filing fee at the time of filing, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On August 26, 2019, the Court granted Plaintiff's Motion to Proceed IFP, but dismissed his Complaint *sua sponte* and in its entirety based on his failure to state a claim upon which relief can be granted pursuant to the mandatory screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 6. Plaintiff was provided notice of his pleading deficiencies, and was granted leave to amend them. *Id.* at 8–17.

On September 30, 2019, Plaintiff filed his FAC (ECF No. 7) re-naming all the same Defendants and re-alleging four First, Eighth, and Fourteenth Amendment "Counts" or causes of action. *See* FAC at 2–23. His FAC continues to seek injunctive relief and an unspecified amount of damages. *Id.* at 25.[1]

On December 20, 2019, the Court conducted another *sua sponte* screening of Plaintiff's FAC as required by 28 U.S.C. § 1915(e)(2) and § 1915A. *See* ECF No. 8. The

---

[1] The Court notes that just after he filed his current Motion, Plaintiff filed a notice of change of address from RJD to VSP. *See* ECF No. 12. Plaintiff's address was changed in the Court's docket, and it has confirmed Plaintiff is currently housed at VSP in Chowchilla. *See* https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=AM1378 (last visited Feb. 27, 2020). Because Plaintiff is no longer housed at RJD, his claims for injunctive relief have been rendered moot. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (finding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]."); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

Court again found Plaintiff's due process and equal protection claims, as pleaded in Counts 3 and 4 of his FAC, failed to state a plausible claim for relief against any of the named Defendants. *Id.* at 5–9. However, because the Court found Counts 1 and 2 contained factual allegations sufficient to plausibly state both a First Amendment retaliation claim and an Eighth Amendment conditions of confinement claim with respect to Defendant Aldo Garcia (RJD's Plant Ops Supervisor), it directed the Clerk to issue a summons as to Garcia, and ordered the U.S. Marshal to effect service upon Garcia on Plaintiff's behalf pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). *Id.* at 9–12.[2]

## II. Plaintiff's Motion for Reconsideration

### A. Plaintiff's Arguments

In his Motion, Plaintiff requests a "re-analysis" as to the *sua sponte* dismissal of Count 4 of his FAC. *See* ECF No. 11 at 3. Specifically, Plaintiff objects to the Court's equal protection analysis and its conclusion that his pleading failed to allege that RJD's Wardens "intentionally treated similarly situated inmates differently without a rational basis" by equipping the cells of inmates in Building 20 with "multiple power outlets and a coaxial connection," but failing to provide those same amenities to prisoners like him in Building 16. *See* ECF No. 8 at 7–9. Plaintiff now appears to suggest that because Buildings 16 and 20 are "in the same facility" and "on the same yard," the Court erred in finding he alleged no plausible entitlement to relief on equal protection grounds. *See* ECF No. 3.

///

///

---

[2] The Court further found Plaintiff's FAC failed to allege facts sufficient to allege personal liability as to Counts 1 and 2 on the part of any Defendant other than Garcia; therefore, the Clerk was directed to terminate Santana, Paramo, Buckel, Covello, Murphy, and Voong as parties to the case. *See* ECF No. 8 at 10. Defendant Garcia has since been served, and has filed a Motion to Dismiss Count 1 of Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 14; *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (finding that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring."). Garcia's Motion to Dismiss has been referred to the assigned magistrate judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Cal. CivLR 72.3.

B. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. But where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000). "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *Id.* at 1049. Thus, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge ... has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2) permits motions for re consideration within "30 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

///

Plaintiff's Motion is timely considered under both Local Rule 7.1(i) and Rule 59(e) (applying to final judgments), because it was filed only 17 days "after the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. CivLR 7.1(i); Fed. R. Civ. P. 59(e); *see also Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009).

However, Plaintiff's Motion is unavailing because it fails to point to new evidence, clear error, or any change in the controlling law governing his purported Fourteenth Amendment claims. *Wood*, 759 F.3d at 1121. Instead, Plaintiff merely appears to disagree with the Court's equal protection analysis with respect to Count 4, and re-alleges facts previously considered yet found insufficient to state a plausible equal protection claim. *See* ECF No. 11 at 2–3; *cf.* ECF No. 8 at 6–9. "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

Motions for reconsideration, like the one Plaintiff has filed in this case, may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). They also do not give parties a "second bite at the apple," *Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001), and may not "be used to ask the Court to rethink what it has already thought." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998); *see also Ramser v. Laielli*, No. 3:15-CV-2018-CAB-DHB, 2017 WL 3524879, at *1 (S.D. Cal. Aug. 15, 2017) (citing *Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.").

///

Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

### III. Conclusion and Order

For these reasons, Plaintiff's Objections are overruled and his Motion for Reconsideration is **DENIED** (ECF No. 11).

**IT IS SO ORDERED**.

Dated: March 6, 2020

Hon. John A. Houston
United States District Judge