1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   KORY T. O'BRIEN,                    Case No.: 3:19-cv-01113-JAH-MDD
     CDCR #AM-1378,
12                                       **ORDER GRANTING IN PART AND**
                             Plaintiff,  **DENYING IN PART DEFENDANT'S**
13                                       **MOTION TO DISMISS PURSUANT**
     vs.                                 **TO Fed. R. Civ. P. 12(b)(6)**
14
     ALDO GARCIA, et al.,
15                                       **[ECF No. 14]**
                            Defendants.
16

17

18

19

20          Plaintiff Kory O'Brien, currently incarcerated at Valley State Prison located in

21   Chowchilla, California, and proceeding pro se, filed this civil rights action ("Compl.")

22   pursuant to 42 U.S.C. § 1983, on June 14, 2019 (ECF No. 1).

23   **I.      Procedural Background**

24          In his original Complaint, Plaintiff claimed various RJD Wardens, a "Plant Ops"

25   Supervisor, and two inmate appeals officials denied him equal protection and exposed

26   him to harmful conditions of confinement in July and August 2017, and then retaliated

27   against him in May 2019 after he continued to complain and file multiple grievances. *See*

28   Compl., at 1-4, 8, 14. He sought injunctive relief and "damages to be claimed at a later

                                         1

date." *Id.* at 19. Plaintiff did not pay the civil filing fee at the time of filing, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On August 26, 2019, the Court granted Plaintiff's Motion to Proceed IFP, but dismissed his Complaint *sua sponte* in its entirety based on his failure to state a claim upon which relief can be granted pursuant to the mandatory screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 6. Plaintiff was provided notice of his pleading deficiencies and was granted leave to amend. *Id.* at 8–17.

On September 30, 2019, Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 7) re-naming all the same Defendants and re-alleging four First, Eighth, and Fourteenth Amendment "Counts" or causes of action. *See* FAC at 2-23. He continued to seek injunctive relief and an unspecified amount of damages. *Id.* at 25.

On December 20, 2019, the Court *sua sponte* dismissed Defendants Santana, Paramo, Buckel, Covello, Murphy, and M. Voong based on Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 8 at 10. The Court did find that Plaintiff's FAC contained factual allegations sufficient to plausibly state both a First Amendment retaliation claim and an Eighth Amendment conditions of confinement claim as to Defendant Garcia, the only remaining Defendant. *See id.* at 9. The Court directed the U.S. Marshal to effect service of summons with respect to Plaintiff's FAC upon Garcia. *See id.* at 10.

Garcia has filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 14). Plaintiff has filed an Opposition (ECF No. 17) to which Garcia has filed a Reply (ECF No. 18).

The Court has considered Plaintiff's pleadings, as well as Defendant's Motion as submitted, and has determined no oral argument is necessary pursuant to S.D. Cal. CivLR 7.1. For the reasons explained, the Court GRANTS in part, and DENIES in part, Garcia's Motion to Dismiss (ECF No. 14), and ORDERS Garcia to file a responsive pleading pursuant to Fed. R. Civ. P. 12(a)(4)(A).

## II.    Motion to Dismiss

### A.    <u>Standard of Review</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).

Nevertheless, claims asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Thus, courts "continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (noting that courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.")).

## III.    Discussion

### A.    <u>Garcia's Arguments</u>

Garcia seeks dismissal of Plaintiff's First Amendment retaliation claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 14).  Alternatively, Garcia argues that he is entitled to qualified immunity for Plaintiff's First Amendment claims.  Additionally, Garcia seeks dismissal of Plaintiff's claims for injunctive relief as moot and dismissal of claims

against him in his official capacity. *See* ECF No. 14 ("Mem. of P&As in Supp. of Mot. to Dismiss") at 5-10.

### B.   Plaintiff's Allegations[1]

Plaintiff divides the claims in his FAC into four separate causes of action. In Count 1, he claims Defendant A. Garcia, a Plant Operations Correctional Supervisor at RJD, violated his First Amendment rights by retaliating against him for having filing numerous CDCR 22s, CDCR 1824s and CDCR 602 inmate appeals related to the lack of clean air vents and cable and power outlets in his cell. *See* FAC at 4–8. Specifically, Plaintiff claims Garcia, who is "second in command" and responsible for approving all "work orders," either authorized or supervised another inmate plumber to limit the flush capabilities in Plaintiff's cell "because [he] ke[pt] 602ing plant operations." *Id.* at 5.

In Count 2, Plaintiff claims Garcia knew that the ventilation in Plaintiff's cell was toxic, personally interviewed him in response to his CDCR 602s, and acknowledged the "need for cleaning of the interior of the [ventilation] system," which was filled with "80–90%" of "foreign debri[s]." Plaintiff contends that while Garcia was personally aware of a "substantial risk of serious harm" caused by his exposure to pathogens, carcinogens, and mold, Garcia "ignored obvious dangers" and "failed to take reasonable steps to abate" the harm it caused him. *Id.* at 9–13.

### C.   Retaliation Claims

Garcia argues Plaintiff's retaliation claims are insufficient to state a plausible claim for relief because he "cannot show that altering a toilet's flushing mechanism is 'adverse' or that Defendant Garcia had any connection [to] the inmate plumber's threatening conduct." *See* Def.'s Mem. of P&As in Supp. of Mot. to Dismiss at 5-7. Garcia also argues that Plaintiff fails to allege that Garcia's action in allegedly altering the "toilet flushing capabilities in Plaintiff's cell in response to Plaintiff's inmate appeals" would

---

[1] The Court will address only those allegations that remain in the action and which are found in Count 1 and 2 of Plaintiff's FAC.

"chill a reasonable inmate's exercise of his First Amendment rights." *See id*. at 6.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (citations omitted).

Adverse action taken against a prisoner "need not be an independent constitutional violation." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The prisoner must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. Finally, a prisoner successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

For the reasons set forth below, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true, to 'state a [retaliation] claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Of fundamental import to prisoners are their First Amendment "right[s] to file prison grievances," *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003), and "[a] statement that 'warns' a person to stop doing something carries the implication of some consequence of a failure to heed the warning." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009). Thus, "the mere *threat* of harm can be adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Id.* (citing *Rhodes*, 408 F.3d at 568 n.11).

Here, Plaintiff alleges to have engaged in protected conduct, *i.e.*, to have submitted administrative grievances naming Garcia, "along with other Plant Operations prison officials."  FAC at 4, 8. Plaintiff contends that Garcia, who is "second in command" and responsible for approving all "work orders," either authorized or supervised another inmate plumber to limit the flush capabilities in Plaintiff's cell "because Plaintiff ke[pt] 602ing plant operations." *Id.* at 5.  Garcia argues that "the alleged inconvenience regarding Plaintiff's toilet's flushing frequency did not rise to the level of a harm that is 'more than minimal' or of a nature as would be expected to chill or silence a person of ordinary firmness from future First Amendment activities."  *See* Def's P&As in Supp. of Mot. to Dismiss at 6.

Plaintiff claims that an "inmate plumber altered the flush capability of the toilet in the Plaintiff's cell."  *See* FAC 4.  Plaintiff alleges that "[i]n prison, it is well known to have a limit on cell toilet flushes causes an adverse living condition." *Id.*  The Court finds that Plaintiff has alleged facts to show that the limited plumbing in his cell constitutes an "adverse action." *See Gaddy v. Cook*, 2013 WL 5400283, at *2 (N.D. Cal. Sept. 26, 2013) (finding prisoner's claims of being transferred to cell with poor ventilation and plumbing in retaliation for filing grievances sufficient to state a colorable First Amendment claim).

In addition, Garcia also argues that Plaintiff fails to "allege that Defendant Garcia had any knowledge" that an "inmate plumber would threaten Plaintiff after Plaintiff confronted the inmate about his work."  He further argues that Plaintiff "fails to allege that Defendant Garcia had any role in the inmate plumber's threatening conduct, or the unknown plant supervisor's conduct."  *See* Def's P&As in Supp. of Mot. to Dismiss at 7.

"Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, [the] allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison*, 668 F.3d at 1114. Here, Plaintiff claims that he filed a number of grievances, that were responded to by Garcia, in March and April of 2019 relating to the lack of clean air vents and cable and power outlets in his cell. *See*

FAC at 4-8.  Plaintiff alleges that the adverse action regarding the plumbing changes was made to his cell "two days after filing a CDCR 22 to Defendant A. Garcia asking about prison conditions." *Id.* at 5. "[T]iming can properly be considered as circumstantial evidence of retaliatory intent." *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995). Plaintiff also alleges "[a]n inmate plumber is not to replace or alter plumbing parts without supervision, parts, or a work order and that all "plant operation work orders are approved or disapproved by Defendant A. Garcia." *Id.*  Based on these allegations, the Court finds that Plaintiff has alleged facts to show that the chronology of events between the filing of his grievances to Garcia and the alleged adverse action is sufficient to allege retaliatory intent on the part of Garcia.

Finally, Garcia argues that Plaintiff "fails to explain in what manner his toilet's flushing" would have "'chilled' his First Amendment rights."  Def's P&As in Supp. of Mot. to Dismiss at 6.  Plaintiff's alleges in his FAC that Garcia informed other inmates that Plaintiff had filed grievances regarding "plant operations."  *See* FAC at 7.  As a result, Plaintiff claims Garcia was responsible for the threats purportedly made to Plaintiff by inmate plumbers under the supervision of Garcia.  *Id.* at 6.  The Court finds that Plaintiff has adequately alleged facts to support the fourth element of a retaliation claim.  *See Rhodes*, 408 F.3d at 568 ("[A]t the pleading stage, we have *never* required a litigant, *per impossibile*, to demonstrate a *total* chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim.") (emphasis original).

Assuming these facts true, as it must at this stage of the case, the Court finds Plaintiff's allegations sufficient to support a plausible entitlement to relief. *See Iqbal*, 556 U.S. at 678.

For these reasons, Garcia's Motion to Dismiss Plaintiff's First Amendment retaliation claims pursuant to Fed. R. Civ. P. 12(b)(6) must be DENIED.

/ / /

/ / /

### D.    Qualified Immunity

"Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  When presented with a qualified immunity defense, the central questions for the court are:  (1) whether the facts alleged, taken in the light most favorable to Plaintiff, demonstrate that the Defendant's conduct violated a statutory or constitutional right;  and (2) whether the right at issue was "clearly established" at the time it is alleged to have been violated.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Although *Saucier* originally required the Court to answer these questions in order, the U.S. Supreme Court has held that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The qualified immunity inquiry must be undertaken in light of the specific context of the case.  *Saucier*, 533 U.S. at 201.  In this case, the right still at issue is Plaintiff's free exercise of his religion without imposing a substantial burden on this exercise.  *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) (quoting *Saucier*, 533 U.S. at 202). In support of his argument for qualified immunity, Garcia argues that "assuming the Court finds that the changing of Plaintiff's toilet flush capabilities was an "adverse action," no case law exists that "would establish 'beyond debate' that an inmate is entitled to a certain frequency of toilet flushes." *See* Def's P&As in Supp. of Mot. to Dismiss at 8 (citing *Bocanegra v. Cate*, 2013 WL 4049506, at * 3 (N.D. Cal. Aug. 8, 2013).

Garcia's reliance on *Bocanegra* is misplaced. In *Bocanegra*, the inmate alleged that the lack of proper plumbing rose to the level of an Eighth Amendment violation. The court found the lack of proper plumbing did not support a retaliation claim. However, it has been clearly established since 2012 that an adverse action taken against a prisoner "need not be an independent constitutional violation" in order to state a retaliation claim.

*Watison*, 668 F.3d at 1114 (internal citations omitted).  Plaintiff does not need to allege that the purported tampering with the toilet flushing in his cell was a violation of his Eighth Amendment rights or an independent constitutional violation. Instead, he need only allege that it constituted an "adverse action."  As stated above, the Court has already determined that he met this standard.

Garcia argues that "a reasonable public official in Defendant's position could not have predicted that changing toilet flushing mechanism – without more – would constitute a violation of the First Amendment."  *See* Def's P&As in Supp. of Mot. to Dismiss at 8.  Garcia's argument misses the mark.  Again, it is not the allegation of the change in the plumbing of Plaintiff's cell alone that forms the basis of his retaliation claim.  Plaintiff alleges that this action was taken by Garcia *because of* the grievances he filed against Garcia.  The question is whether a reasonable public official in Garcia's position could have predicted that taking an adverse action against Plaintiff, in response to Plaintiff filing grievances against him, would constitute a violation of the First Amendment.  *Rhodes*, 408 F.3d at 567–68.  Garcia does not address this inquiry in his moving papers seeking qualified immunity.

Thus, while the Court notes "a resolution of the factual issues may well relieve [Defendant] of any liability in this case," *Clement*, 298 F.3d at 906, *Saucier* instructs the Court at this stage of the proceedings to presume the Plaintiff's well-pleaded facts are true. *Saucier*, 533 U.S. at 201.  Assuming they are, this Court finds both that Plaintiff has sufficiently alleged a First Amendment retaliation claim against Garcia and that it would be clear to a reasonable officer in Garcia's position that to take an adverse action against Plaintiff in response to the filing of grievances, in light of only the circumstances as they are currently alleged, would violate clearly established law.  *Saucier*, 533 U.S. at 202.

Accordingly, Garcia's Motion to Dismiss Plaintiff's Complaint on qualified immunity grounds is DENIED.

/ / /

/ / /

9

### E.    Injunctive Relief claim

Garcia also seeks dismissal of Plaintiff's claims of injunctive relief on the ground that they are moot in light of Plaintiff's transfer to another prison.  *See* Def's P&As in Supp. of Mot. to Dismiss at 9.  The claims in Plaintiff's FAC arose when he was housed at RJD and he is currently incarcerated at Valley State Prison.  *See* Notice of Change of Address, ECF No. 12.  The Court agrees Plaintiff's claims for injunctive relief arising at RJD are moot.  *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (An inmate's transfer to a different prison while conditions of confinement claims are pending moot any claims for injunctive relief.)  Garcia's Motion to Dismiss Plaintiff's claims for injunctive relief is GRANTED.

### F.    Official capacity

Finally, Garcia seeks dismissal of Plaintiff's FAC to the extent he seeks money damages against him based on actions taken in his "official" capacity.  *See* Def's P&As in Supp. of Mot. to Dismiss at 9-10.  While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, *Will v. Michigan*, 491 U.S. 58, 66 (1989), it does not bar damage actions against state officials sued in their personal or individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992).  When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification.  *Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997).

The Supreme Court has made it clear that a plaintiff can establish personal liability in a section 1983 action simply by showing that the official acted under color of state law in deprivation of a federal right.  *Hafer*, 502 U.S. at 25.  Thus, the Court GRANTS Garcia's Motion to Dismiss on Eleventh Amendment grounds only to the extent that Plaintiff seeks damages against him in his official capacity.

/ / /

**IV.     Conclusion and Order**

        Accordingly, the Court:

        (1)  **DENIES** Garcia's Motion to Dismiss Plaintiff's First Amendment retaliation claims pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 14);

        (2)  **DENIES** Garcia's Motion to Dismiss Plaintiff's First Amendment retaliation claims on qualified immunity grounds;

        (3)  **GRANTS** Garcia's Motion to Dismiss Plaintiff's claims for injunctive relief;

        (4)  **GRANTS** Garcia's Motion to Dismiss the claims against him to the extent they are based upon his acting in his official capacity; and

        (5)  **ORDERS** Garcia to file a responsive pleading pursuant to Fed. R. Civ. P. 12(a)(4)(A).

        **IT IS SO ORDERED**.


Dated: May 26, 2020

Hon. John A. Houston
United States District Judge

11